**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MUSTAFA OZSUSAMLAR, #18188-050** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **HARRY LAPIN,** | )   CIVIL NO. 11-844-GPM |
| **WANDY ROAL,** | ) |
| **DR. DAVID SZOKE,** | ) |
| **P. KELLY,** | ) |
| **K.D. WELLS,** | ) |
| **M. PATTERSON,** | ) |
| **C. RUNGE** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case came before the Court pursuant to 28 U.S.C. § 1915A threshold review. After carefully examining Plaintiff's complaint and supporting exhibits, the Court conducted a video conference to better discern Plaintiff's claims. The Court **FINDS** that Plaintiff has stated a claim under the Eighth Amendment for deliberate indifference to a serious medical need against Defendant Szoke, M.D.

Plaintiff's assertions that Defendants are opening his mail or paying insufficient wages fails to implicate the constitution. All of Plaintiff's other allegations fail to allege sufficient facts to state a claim for relief that is plausible on its face. Accordingly, all other Defendants are dismissed from this case with prejudice.

The Court believes Plaintiff could benefit from the assistance of counsel. Plaintiff is a Turkish citizen, whose English is difficult to understand. Plaintiff filed this lawsuit while incarcerated at FCI-Marion, which is located in the Southern District of Illinois. Now, Plaintiff has been transferred to FCI-Fairton, in New Jersey. The Court will attempt to locate an attorney that has the ability to provide adequate representation to Plaintiff, given this difficult situation.

Finally, Plaintiff's motion to amend the complaint (Doc. 17) is **DENIED**. Plaintiff may seek leave to amend his complaint in light of the Court's threshold review.

**DISPOSITION**

The Clerk of Court shall prepare for Defendant **SZOKE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for pretrial proceedings.

This entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral*.

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 21, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge